ELLIS, Judge.
This is a suit for damages resulting from an accident which occurred January 31, 1950 on the Plaquemine-Port Allen Highway at approximately 5:55 p. m. Plaintiff is suing for the amount of $50 which was deductible under the terms of his policy and also on behalf of his insurer for $484.22 representing the amount it paid for damages to plaintiff’s automobile.
There is no dispute as to the amount of damages and the sole question in the lower, as well as this, Court is one of liability. Judgment was rendered in the Lower Court in favor of the plaintiff and the defendant has appealed.
On the date of the accident approximately one mile south of Port Allen the highway department, for the purpose of repairing same, had dug out the concrete in the south bound traffic lane for a distance of approximately fifteen feet, more or less. A barricade had been placed in each end of the hole and also farther north and south on each side of the hole an estimated distance, according to the plaintiff, of about 50 feet. The highway department had also placed a warning sign for traffic approaching from the north and south an approximate distance of 200 feet. The effect of these barricades was, of course, to make a one way lane of travel out of the highway opposite the barricades.
Plaintiff was traveling south and the defendant north, and the collision occurred between plaintiff’s car and the defendant’s truck at approximately the center of the excavation.
Plaintiff relies mainly upon the case of Kruta v. Gibbon, La.App., 21 So.2d 744, 745, in which the court stated:
“It is an elemental rule of the road that a motorist driving at a reasonable rate of speed who first enters upon a one-way bridge or roadway, enjoys a right of preemption over other motorists desiring at the time to use the bridge or roadway. It follows, as a corrollary, that if the right of preemption is interfered with by another in such manner as to cause damage to the preemptor, the offending one may be held responsible therefor.”
The defendant in his brief agrees that the above stated rule of law is applicable to the present case for he contends that the driver of the defendant’s truck reached this one way lane of travel before the plaintiff and, therefore, he had preempted same. Defendant also plead contributory negligence. The defendant, after arguing that its truck had preempted the one way traffic lane, presents the following:
“We have been able to find one case which is remarkably similar to the instant case. The case to which we refer is Taormina v. Reid, La.App.Orleans 1954, 71 So.2d 351. In the Taormina case the plaintiff was riding as a passenger in the automobile driven by Timphony. The car in which he was riding approached a car which had been going in the opposite direction but which had stopped for repairs. The stopped car was parked on the side of the highway for traffic traveling in the direction opposite to the plaintiff and Timphony with the left side of that vehicle extending over the edge of the paved portion of the road approximately two or three feet. At approximately the same time, the truck of Reid was approaching the stopped car, traveling in the direction opposite to that in which the plaintiff was riding. The stopped car was partially blocking the traffic lane in which the truck was traveling. The Reid truck reached the stationary car just before the Timphony car and since it had been swerved slightly to its left in order that it might pass around the stationary car, its left side was about two or three feet on the left, or wrong, side of the center of the roadway. Just after the Reid truck had passed the stationary car, the collision occurred between the Timphony car and the Reid truck. Taormina sued the drivers of both vehicles involved in the collision. *740 Timphony filed suit for liis injuries and damages against the driver of the Reid truck. The court found both drivers guilty of negligence and stated that it had no 'difficulty’ in reaching that conclusion.”
The question of preemption is a factual one, however, the burden of proof is upon the plaintiff, if he is to recover, to offer convincing testimony to substantiate his claim of preemption. It was plaintiff’s testimony that as he approached the barricade across his lane of travel he saw two cars stopped, evidently awaiting traffic coming north to pass the barricade, so he slowed down and the two cars started around the barricade and he fell in behind the last car a distance of approximately 30 feet; that when he had proceeded a short distance into the barricade (if we accept SO feet as being the distance between the north and south barricades) he had traveled approximately 15 feet when he saw the defendant’s truck approaching at 55 or 60 miles per hour a distance of 200 feet away. He testified the two cars preceding him had already cleared the barricade. The defendant’s truck, according to plaintiff’s testimony, applied its brakes at about 175 feet, and plaintiff went approximately 10 feet further in pulling off of the concrete portion of the highway onto the shoulder. Plaintiff stated that his car stopped at this point which was midway between the barricades and approximately opposite the middle of the excavation and that the defendant’s truck skidded 175 feet, and that due to the fact that the driver of the truck was attempting to steer the truck slightly to the west and the road being slick, the truck came at an angle so that its right rear corner struck his right front fender and raked down the length of his car. Plaintiff also testified that the left front and rear wheel of the truck went down into the excavation and then out again on the north side and came to rest approximately 25 feet from the excavation. It is also plaintiff’s testimony that his car was completely off the paved portion of the highway and there was room for the truck to have passed had it not been going at an excessive speed and gotten out of control on the wet, slippery pavement. Plaintiff testified that he did not see the truck at the time that he first entered the one way portion of the highway but offered as an explanation for his failure the fact that there was a curve four or five hundred feet to the south of the barricaded portion of the highway and that the truck must have been around this curve and hidden from his view. This, of course, was impossible as it would have been necessary for the truck to be traveling at a speed of more than 100 miles per hour to have reached the point of impact midway of this barricaded portion of the highway, whereas the plaintiff, who stated he was traveling 15 or 20 miles per hour when he saw the truck 200 feet away, only went 10 or 12 feet further.
On the day of the accident it had been raining and the pavement was especially slippery in and near the approaches to this barricaded portion of the highway as cars had been pulling off partially on the shoulder to pass the barricade which carried mud onto the paved portion of the highway.
The State Trooper who arrived at the scene after the truck and car had both been moved out of the way of traffic, testified that the point of impact was approximately opposite the middle of the excavation and “on the edge” of the concrete portion of the highway. He also stated that the defendant’s truck had traveled approximately 15 feet after the impact, and an important portion of his testimony insofar as the plaintiff's version is concerned is to the effect that the plaintiff told him that he first noticed the danger of an accident “at 75 feet, approximately.” Plaintiff does not deny having told the officer this but testified that he was excited at the time and thought that his testimony on the trial after he had thought it over was correct to the effect that the truck was 200 feet away instead of 75 feet away when he noticed the danger of a collision. Plaintiff testified that the accident did not happen immediately after he pulled off the pavement or paved portion of the highway (there is a serious dispute as to whether he was off the highway) but that it must have happened within a minute or seconds, whereas *741 the driver of the defendant truck and his brother, who was a guest passenger, both testified that it happened just as he stopped with his right wheels on the eastern edge of the concrete slab.
According to the defendant’s version of the accident as given by the driver of the truck and the guest passenger, they were coming from the south toward Port Allen, and shortly prior to reaching a warning sign approximately 200 feet south of the southern-most barricade, had been traveling 45 miles an hour, and when they reached the warning sign they had slowed down to 40 miles per hour and continued to coast which brought their speed at the time they entered the barricade to about 35 miles an hour. The driver of defendant’s truck testified that he saw plaintiff’s car approaching the barricade on the north and thought that plaintiff would stop at the barricade and allow him to come on through. The driver also testified in effect that he thought he had the right of way as it was the plaintiff’s lane of travel across which the barricade was located. He therefore continued and just after he had .entered the barricade on the south the plaintiff pulled around the barricade on the north, and realizing the danger of the collision, he applied his brakes but that due to the wet and slippery condition of the highway the truck merely skidded, and it is his testi-timony that the collision took place on the eastern edge of the concrete slab about midway of the excavation; that the point of contact was the rear right corner of his truck with the side of the plaintiff’s car, and that his truck went down into the excavation and stopped with the left back wheel still in the excavation. Defendant also testified that had the highway been dry he was of the opinion that his truck would have been stoppd by the brakes prior to the collision.
The evidence is most conflicting and neither the plaintiff’s nor defendant’s evidence in its entirety can be accepted as to material points as logically true. For example, plaintiff testified that the defendant’s truck was 200 feet away when he realized the danger of a collision and he was already within ten feet of the center of the barricade and only went this small distance while the truck skidded 175 feet, which is illogical and practically impossible. Neither vehicle was traveling at an excessive rate of speed just prior to or upon entry into the barricaded portion of the highway. Furthermore, the 200 foot version given by the plaintiff is flatly contrary to what he told the State Trooper whose testimony is not even mentioned in the reasons for judgment of the lower court, and there is nothing in the record to lead this court to disbelieve the testimony of the Trooper as to what the plaintiff told him. In fact, the plaintiff himself practically admits having told the Trooper that the distance between the two vehicles at the time he noticed the danger of a collision was approximately 75 feet. It is not shown by the record that he told the Trooper where he was when he noticed the truck at a distance of 75 feet.
Plaintiff admits that he did not see the truck approaching this barricade until, as he says, it was within 200 feet of him. There was nothing to obscure his vision and he should have seen the truck before he ever entered the barricade. It is more than likely, considering all the facts in the case, that had he seen the truck just prior to entering the barricaded portion of the highway that he would and should not have done so for he would have realized that the truck was about to enter the barricade. Under these circumstances plaintiff did not preempt the one way lane.
The two witnesses for the defendant who were present at the time of the accident testified that the truck arrived at the southern-most barricade just prior to the time the plaintiff entered the northern barricaded portion of the highway. However, we are inclined to believe plaintiff may have arrived at the barricade a fraction of time ahead of the truck of the defendant. From all the testimony the plaintiff is guilty of contributory negligence in failing to keep a proper lookout, for he most assuredly would have seen the defendant’s truck approaching in such close proximity to the barricaded portion of the highway *742 that he would have realized the danger of the collision which subsequently occurred.
The plaintiff in the alternative pleads the doctrine of last clear chance, and depends upon his testimony to the .effect that his car was completely off the pavement. There is a most serious conflict of testimony on this point. It is the testimony of all the witnesses other than plaintiff himself, which included the State Trooper, that the point of impact was on the eastern edge of the concrete slab. Plaintiff testified that the Greyhound Bus passed through after the collision. It is shown by this record that a deputy or some police officer first came to the scene of the wreck, although plaintiff did not offer this witness. There is testimony that the deputy sheriff had the truck and car moved so that traffic could pass by. Plaintiff has failed to substantiate facts necessary to entitle him to recover under the doctrine of last clear chance. Furthermore, if we are to accept the fact that the car was entirely off the paved portion of the highway it would raise a serious question under the emergency doctrine. We do not think it is necessary to consider this question, as the facts do not substantiate plaintiff’s contention that the truck could have safely passed between the parked car and the excavation.
Plaintiff contends that he followed two cars into the barricade which if correct gave him the right to proceed. The defendant’s testimony is contrary and there is no other evidence that would sway the scales in favor of either as to this fact. However, from the distances given by plaintiff, one of the cars would have been approximately five feet within the barricade when plaintiff was twelve or fifteen feet therein, and the truck at this time had entered or was about to enter the barricade. If the two cars were preceding plaintiff as he stated, the truck driver would have seen them. Further, there would have been no reason for plaintiff to stop as he would have been within thirty feet of the end of the barricade as the car in front of him left it. There is nothing to show that the truck driver and his guest brother were not in complete control of their faculties and it is difficult to believe the truck would have been driven into the barricade under such existing conditions. At best the proof is not sufficient as to the two preceding cars.
For the above reasons the judgment of the district court is reversed and the plaintiff’s suit dismissed at his cost.